## Rowe v. Thompson.

*Actions—Venue—Change of venue—Acts of May 22, 1878, and May 19, 1923.*

1. An action to recover damages based upon an alleged breach of covenant of warranty contained in a deed is a transitory, not a local, action, and neither the Act of May 22, 1878, P. L. 98, nor the Act of May 19, 1923, P. L. 272, entitles defendant in such an action to a change of venue.

2. The Act of May 22, 1878, P. L. 98, makes it the duty of the court in certain circumstances to grant a change of venue in actions to recover the purchase money of real estate; this does not include an action for damages for breach of warranty, even though the purchase money is an item of the claim.

3. The Act of May 19, 1923, P. L. 272, simply provides for service of summons on a defendant who resides outside of the county where the suit was brought, but within the State. It does not relate to change of venue.

Motion for change of venue. C. P. Allegheny Co., Oct. T., 1924, No. 2552.

*W. E. Hague* and *Kyle & Reinhart,* for motion; *William M. Hall,* contra.

CARPENTER, J.—Defendant moves for change of *venue,* basing his motion on the Acts of May 22, 1878, P. L. 98, and May 19, 1923, P. L. 272. The action is founded on an alleged breach of covenant of warranty in a deed from defendant to plaintiff. The Act of 1878 makes it the duty of the court, in certain circumstances, to grant the application for change. The right to demand a change of *venue* is by the act confined to actions to recover the purchase money of real estate. This is not such an action, but, on the contrary, is an action to recover damages for an alleged breach of the defendant's warranty. The purchase money paid by plaintiff is merely an item in her claim for damages. The action is transitory, not local.

The Act of May 19, 1923, cited by plaintiff's counsel, plainly does not apply. It simply provides for service of summons on a defendant who resides outside the county where the suit was brought, but within the State. It does not relate to "change of *venue.*" It is in aid of plaintiffs, not for the relief of defendants, and is confined to actions "for the recovery of damages for breach of covenant of warranty in any deed or conveyance of real estate," and to cases in which the defendant is a non-resident of the county in which the real estate is situated. Summons in the pending suit was served personally in Allegheny County. Defendant's place of residence is not stated.

Motion dismissed.

From William J. Aiken, Pittsburgh, Pa.